## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| SUMAN VARDAN, | ) | Case No. 18-13062-BFK |
| | ) | Chapter 13 |
| Debtor. | ) | |

## ORDER REPRIMANDING COUNSEL
## AND REQUIRING ADDITIONAL CONTINUING
## LEGAL EDUCATION HOURS

This matter came before the Court on the Court's Order to Show Cause why Sanctions Should not be Imposed against Debtor's counsel, Ms. Vardan. Docket No. 25. Ms. Vardan filed a Response, which the Court has reviewed. Docket No. 42. The Court held a hearing on January 10, 2019, at which it heard Ms. Vardan's arguments and received into evidence Vardan Exhibits 1 and 2.

For the reasons stated below, the Court will reprimand counsel. The Court further will order that counsel complete two additional continuing legal education hours in bankruptcy ethics.

### Findings of Fact

The Court makes the following findings of fact.

*A. The Sandeep Vardan Bankruptcy Cases.*

1.      On August 28, 2017, Dr. Sandeep Vardan, Ms. Vardan's husband, filed a Voluntary Petition under Chapter 11 with this Court. Case No. 17-12912-BFK. The petition was filed *pro se*. Ms. Vardan did not represent her husband in the case.

2.      Dr. Vardan's case was preceded by a voluntary bankruptcy filing in the Western District of Virginia. Case No. 16-70362. Ms. Vardan represented her husband in that case. The

1

case in the Western District also was filed as a voluntary Chapter 11 petition, but it was converted to Chapter 7. *Id.*, Docket No. 72. The Chapter 7 Trustee filed a Report of No Distribution. *Id.,* Docket No. 93.

3.      Dr. Vardan waived his discharge in his case in the Western District. *Id.*, Docket No. 123.

4.      In the case before this Court, Dr. Vardan listed the property at 3409 Myerwood Lane, Fairfax, Virginia, as being owned as tenants by the entirety with his wife, Ms. Vardan. Case No. 17-12912-BFK, Docket No. 20, Schedule A/B.

5.      The Court issued an Order to Show Cause why Dr. Vardan's case should not be dismissed in light of the recent denial of his discharge in the Western District of Virginia. *Id.*, Docket No. 14.

6.      On September 28, 2017, the Court dismissed Dr. Vardan's case with prejudice to any refiling within one year. *Id.*, Docket No. 38.

7.      The dismissal of Dr. Vardan's case with prejudice made him ineligible to file a bankruptcy petition through September 28, 2018.

     *B.  Ms. Vardan's Personal Chapter 11 Case.*

8.      On November 13, 2017, Ms. Vardan filed a Voluntary Petition under Chapter 11 with this Court. Case No. 17-13848-KHK. She listed the Myerwood Lane property as being owned as tenants by the entirety with her husband. *Id.*, Docket No. 29, Schedule A/B.

9.      On November 17, 2019, Wells Fargo Bank, N.A., filed a motion for relief from the automatic stay with respect to the Meyerwood Lane property. *Id.*, Docket No. 12.

10.     On May 23, 2018, the Court dismissed Ms. Vardan's case. *Id.*, Docket No. 87.

2

11.     The Court also granted in rem relief from the automatic stay in favor of Wells Fargo, so that the automatic stay would not arise with respect to the property upon the filing of bankruptcy petition by any other person or party. *Id*., Docket No. 93.

12.     Ms. Vardan appealed the in rem relief from stay Order. *Id*., Docket No. 97.

*C.  The Deed of Gift.*

13.     On May 28, 2018, five days after her bankruptcy case was dismissed, Ms. Vardan and her husband executed a Deed of Gift, conveying a 20% undivided interest in the Myerwood Lane property to his father, Dr. Suman Vardan, and his mother, Ashra Vardan.[1]

14.     Wells Fargo noticed a foreclosure of the Myerwood Lane property for September 10, 2018.

15.     On the morning of September 10, 2018, Dr. Sandeep Vardan caused the Deed of Gift to be recorded in the land records of Fairfax County.

*D.  Dr. Suman Vardan's Case and the Foreclosure.*

16.     On the same day that the Deed of Gift was recorded, September 10, 2018, Ms. Vardan filed a Voluntary Petition under Chapter 13 with this Court on behalf of Dr. Suman Vardan. Docket No. 1.

17.     Notwithstanding the Deed of Gift and Dr. Suman Vardan's Voluntary Petition, Wells Fargo proceeded with the foreclosure on September 10th, apparently in reliance on the first in rem relief from stay Order in Ms. Vardan's case.

18.     Ms. Vardan filed a Motion to Extend the time to file Schedules and a Chapter 13 Plan on behalf of the Debtor, which was granted. Docket Nos. 10 (Motion), 11 (Order).

---

[1]  A copy of the Deed of Gift is included as Exhibit 28 in Wells Fargo's Exhibits in Ms. Vardan's bankruptcy case. Case No. 17-13848-KHK, Docket No. 132, Ex. 28. Ms. Vardan did not dispute the fact that that the Deed was executed on May 28th, nor did she disagree that the Deed was recorded on September 10, 2018 in the hearing before this Court on November 15, 2018.

19.    On October 16, 2018, GREI, LLC, the purchaser of the Myerwood Lane property at the foreclosure, moved for relief from the automatic stay in Dr. Suman Vardan's case. Docket No. 13. Ms. Vardan filed a Response to the Motion, asserting that Judge Ellis's November 2nd Order (discussed below) caused the foreclosure to be void, or that GREI, LLC lacked standing to pursue relief from the automatic stay in light of Judge Ellis's Order. Docket No. 20.

20.    On October 22, 2018, the Court entered an Order for the Debtor, Dr. Suman Vardan, and his counsel, Ms. Vardan, to appear and show cause why the case should not be dismissed. Docket No. 17.

21.    The Court held a hearing on November 15, 2018. The Court determined that it would dismiss the case as having been filed in bad faith. The case was dismissed without prejudice on November 19, 2018. Docket Nos. 29, 30.

22.    At the hearing on November 15th, Ms. Vardan represented to the Court: "Dr. [Suman] Vardan has had excellent credit all of his professional life, and he has – prior to I guess his son getting into a financial mess, no one in his family has ever filed a bankruptcy." Tr. (11/15/2018), p. 4.[2]

23.    Ms. Vardan acknowledged that the "main reason" for the filing of a bankruptcy case on behalf of Dr. Suman Vardan was "to stop – prevent the foreclosure and to save the equity in the house." *Id.*, p. 3.

24.    Ms. Vardan argued that, prior to the Deed of Gift being recorded on September 10th, Dr. Suman Vardan had an equitable interest in the Myerwood Lane property, but the Court

---

[2]  This statement is inconsistent with Dr. Suman Vardan's Affidavit, in which he stated that he had approximately $300,000 in debt at the time that he filed his case. Vardan Ex. 1, ¶ 3. When asked about this at the hearing on January 10, 2019, Ms. Vardan stated: "Yes, he had excellent credit, and he had $300,000 of debt also… So the problem was not that he had the debt. The problem was that he had to pay that debt, and he was working extra hours at an age where he – he actually retired from his job of over 40 years, and he is getting income, retirement income, from that job. But he is still having to work." Tr., 1/10/19, pp. 23-24.

rejected this assertion as being unsupported by the evidence. *Id.,* p. 34 ("The Court rejects the idea that the Debtor in this case, Dr. Suman Vardan, had an equitable interest in the property prior to the deed of September 10. That's just a lawyerly argument, a way of sort of bootstrapping Dr. Vardan, Suman Vardan, into the property at a time before the September 10 deed that has no basis in fact.")

25.     The Court dismissed the case without prejudice. Docket Nos. 29, 30. The Court also entered an Order for Ms. Vardan to show cause why she should not be sanctioned. Docket No. 25.

E.  *Judge Kindred Revisits the In Rem Relief from Stay Order on Remand.*

26.     On November 2, 2018, Senior District Judge Ellis reversed the in rem relief from stay Order and remanded the matter to this Court. Case No. 17-13848-KHK, Docket No. 121.

27.     Judge Kindred heard Wells Fargo's motion for in rem relief from the automatic stay on remand on November 19, 2018.[3]

---

[3]  The following exchange took place during the hearing before Judge Kindred on November 19th:

> MR. McGARY: Last week in Judge Kenney's courtroom, who represented Suman Vardan?
> THE WITNESS [MS. VARDAN]: I was there because I was required to be there by the court. *I was not representing Suman Vardan at that time* because I didn't have permission to go forward with the case from earlier. My understanding was that he would have his own counsel, but I was required by the court to be there so I was there.

Tr., 11/19/2018 (Case No. 17-13848-KHK) (emphasis added).

Ms. Vardan, however, filed the bankruptcy petition on behalf of Suman Vardan. Docket No. 1. She filed an Opposition to a motion for relief from stay filed on behalf of Suman Vardan and she appeared in this Court on November 7, 2018, to oppose the motion. Docket Nos. 20, 21. She orally entered her appearance at the beginning of the hearing on November 15th as "Bobbie Vardan on behalf of Debtor." Tr., 11/15, 2018, p. 2.

Ms. Vardan persisted in the idea that she was not representing Dr. Suman Vardan at the November 15th hearing in response to the Court's questions on January 10, 2018. Tr., 1/10/2019, p. 3 ("MS. VARDAN: But at that hearing, my understanding was that I was not representing Dr. Vardan.") Ms. Vardan never filed a motion to withdraw as Dr. Vardan's counsel in this case, and it was certainly the Court's understanding that Ms. Vardan represented Dr. Vardan at the November 15th hearing. *See In re Champange Services, LLC*, 560 B.R. 196, 201 (Bankr. E.D. Va. 2016) ("There is no automatic withdrawal of counsel when counsel has made an appearance in a court case. Withdrawal is only permitted by leave of court and for cause.")

28.     On November 30, 2018, Judge Kindred entered a Memorandum Opinion and

Order granting Wells Fargo in rem relief from the automatic stay with respect to the property.

*Id.,* Docket Nos. 143, 144.

29.     In her Memorandum Opinion, Judge Kindred held that in rem relief was

warranted under Bankruptcy Code Section 362(d)(4) as a result of the multiple bankruptcy cases

affecting the property. *Id*., Docket No. 144, pp. 16-17 ("The Court further finds that the filings

were made for the specific purpose of causing such delay.")

30.     Both Ms. Vardan and the purchaser of the property at the foreclosure conducted

on September 10, 2018, GREI, LLC, have appealed the second in rem Relief from Stay Order.

*Id*., Docket Nos. 151, 153.

F.  *The January 10th Hearing.*

31.     The Court held a hearing on its Order to Show Cause on January 10, 2019.

32.     At the hearing, Ms. Vardan recounted the history of her involvement with the

Myerwood Lane property, including her and her husband's efforts to secure a loan modification,

and her disagreements with her husband on whether the property should be sold and at what

price.

33.     Ms. Vardan characterized her representation of her father in law as a favor to him

and to her husband. In fact, Ms. Vardan was traveling internationally on the day that she filed the

petition in this case (she used her laptop to file the case remotely). Tr., 1/10/2019, p. 18; Vardan

Ex. 2, Ex. B.

34.     Ms. Vardan also represented to the Court that Dr. Suman Vardan consulted with

other counsel, and that he chose Ms. Vardan as his attorney because Ms. Vardan was willing to

take the case without an up-front fee. Tr. 1/10/2019, p. 13.

35.     Throughout her presentation on January 10th, Ms. Vardan argued that her personal interests and the interests of her client, Dr. Suman Vardan, were aligned in that both of them wanted to avoid a foreclosure of the property. Tr., 1/10/2019, pp. 19-20 ("MS VARDAN: So me personally having filed this bankruptcy at the time I did, I did not foresee any issues with a conflict.")

36.     It was not until after the Chapter 13 Trustee suggested in his argument that, at the very least, Ms. Vardan should have expressed a degree of regret for having taken the case that Ms. Vardan conceded that she "made a mistake" and that she "shouldn't have taken this case." *Id.*, p. 36.

## Conclusions of Law

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and the Order of Reference entered by the U.S. District Court for this district on August 15, 1984. This is a core proceeding, as a matter concerning the administration of the estate.  28 U.S.C. § 157(b)(2)(A). The Court has the inherent authority to regulate the conduct of attorneys who appear before the Court.  *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44–46, 111 S.Ct. 2123, 2131-132, 115 L.Ed.2d 27 (1991); *McGahren v. First Citizens Bank & Trust Co. (In re Weiss),* 111 F.3d 1159, 1171 (4th Cir. 1997); *Parker v. N.C. Agric. Fin. Auth.,* 341 B.R. 547, 554 (E.D. Va. 2006).

The Local Rules of this Court adopt the Virginia Rules of Professional Conduct as the ethical standards for the practice of law in this Court. L.R. 2090-1(I). Virginia Rule 1.7(a)(2) provides that a lawyer shall not represent a client "where there is a significant risk that the representation of one or more clients will be materially limited… by a personal interest of the lawyer." Virginia Rule 2.1 further provides: "In representing a client, a lawyer shall exercise independent professional judgment and render candid advice."

7

The Court expressed its concern at the hearing on November 15th that the only benefit to the filing of this case was to stop the foreclosure on Ms. Vardan's and her husband's property, and that Dr. Suman Vardan did not appear to benefit from the filing at all. Tr., 11/15, 2018, pp. 36-37. As the Court noted, there are credit implications that are now damaging to Dr. Suman Vardan as a result of the filing, without any corresponding benefit. *Id.*, pp. 13-14. The Court rejected the idea that Dr. Suman Vardan's generosity to his son over the years caused Suman Vardan to have an equitable ownership interest in the property. *Id.*, pp. 34-35. *See Hoffman v. First Nat'l Bank of Boston*, 135 S.E.2d 818, 821 (Va. 1964) (equitable lien requires a showing of an "express executory agreement in writing, whereby the contracting party sufficiently indicates an intention to make some particular property, real or personal, or fund, therein described or identified, a security for a debt or other obligation"), quoting Pomeroy's Equity Jurisprudence, 5th ed., § 1235.

In the Order to Show Cause of November 16th (Docket No. 25), the Court again expressed its concern that Ms. Vardan may not have provided Dr. Suman Vardan with her independent legal advice, or that her judgment may have been clouded by the fact that she and her husband owned the property and were desperate to avoid a foreclosure.

At the hearing on January 10, 2019, Ms. Vardan argued that there was no conflict because her father in law's interests and her interests were aligned, in that both of them wanted to avoid a foreclosure on the Myerwood Lane property. This argument, however, does not solve the problem of Ms. Vardan's personal interest in the matter and her inability to render independent legal advice to her client. Ms. Vardan was a co-owner of the property. She was a signatory to the Deed of Gift that was executed shortly after her personal bankruptcy case was dismissed and that was recorded on the morning that the Voluntary Petition was filed in this

8

case. As the Chapter 13 Trustee correctly argued, Ms. Vardan should have seen from the outset that she would be a witness in any proceeding to challenge the Deed of Gift as a fraudulent transfer in this Court.

The Court finds that Ms. Vardan had a personal financial interest in the Myerwood Lane property and that she did not provide Dr. Suman Vardan with truly independent legal advice. The case filing was motivated by a desire on Ms. Vardan's part and her husband's part to avoid a foreclosure, and not for any independent benefit to Dr. Suman Vardan, who by Ms. Vardan's representation enjoyed an unblemished credit record before the filing.

The Court therefore finds it appropriate to admonish Ms. Vardan. The Court further finds it appropriate to order Ms. Vardan to complete two (2) hours of continuing legal education in bankruptcy ethics approved by the Virginia State Bar, which will be in addition to the annual requirement of 2 hours in ethics generally. It is hoped that in the future Ms. Vardan will consider her professional responsibility to render independent judgment on behalf of all of her clients and to avoid allowing her personal interests to interfere with that judgment.

### Conclusion

It is therefore **ORDERED**:

1.      Ms. Vardan is reprimanded for the filing of the Voluntary Petition in this case.

2.      Ms. Vardan is ordered to complete two (2) hours of continuing legal education in bankruptcy ethics approved by the Virginia State Bar, which will be in addition to the annual requirement of 2 hours in ethics generally. She shall so certify in writing to the undersigned Judge by no later than **October 31, 2019.**

3.      The Clerk will mail copies of this Order, or will provide cm-ecf notice of its entry, to the parties below.

9

Date: Jan 29 2019
_____

/s/ Brian F. Kenney
_____

Brian F. Kenney
United States Bankruptcy Judge

Alexandria, Virginia

Copies to:

Entered on Docket:  Jan 29 2019

Suman Vardan
PO Box 220011
Chantilly, VA 20153
*Chapter 13 Debtor*

Bobbie U Vardan, Esquire
P.O. Box 25
Great Falls, VA 22066
*Counsel for Chapter 13 Debtor*

Thomas P. Gorman, Esquire
300 N. Washington Street, Suite 400
Alexandria, VA 22314
*Chapter 13 Trustee*